UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEHNS GONCALVES,

          Civil Action No. 14-11384

    Plaintiff,

          Honorable Denise Page Hood

v.

DAVID TRAKUL and JOHN DOE,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR
TEMPORARY RESTRAINING ORDER
and
NOTICE OF SETTING HEARING DATE
ON MOTION FOR PRELIMINARY INJUNCTION**

**I.    BACKGROUND**

On April 3, 2014, Plaintiff Josehns Goncalves filed an action against Defendants David Trakul and John Doe alleging: Section 1983-Unlawful Search (Count I) and Discrimination-Disability under the Michigan's Persons with Disabilities Civil Rights Act (Count II).  Plaintiff is employed by Eastern Michigan University ("EMU") as the Assistant Director of its Disability Resource Center ("DRC"), which provides services to students with disabilities at EMU.  (Comp., p. 1 & ¶ 6) Defendant David Trakul is the Director of Employee Relations and Policy of EMU.  (Comp., ¶ 3)

On March 13, 2014, Defendant Trakul placed Plaintiff on an unrequested paid administrative leave. (Comp., ¶ 8) On March 26, 2014, Defendant Trakul verbally informed Plaintiff that he must report for an examination by a psychiatrist on March 31, 2014. (Comp., ¶ 11) Plaintiff's counsel objected to the proposed examination to EMU's General Counsel on March 27, 2014. (Comp., ¶ 18) On March 31, 2014, prior to a meeting between Plaintiff's counsel and EMU's General Counsel, Plaintiff was informed by voicemail that the examination had been rescheduled for Monday, April 7, 2014. (Comp., ¶ 20)

Plaintiff believes he was placed on paid administrative leave because he forwarded an email on March 13, 2014 from the President of Association of Higher Education and Disabilities ("AHEAD") to Lieutenant Dan Karrick of EMU's police department. (Comp., ¶¶ 52-54) The AHEAD email was about violence on campus which contained a link to an online article published by a women's magazine concerning violence, with a focus on a gun violence incident on a college campus. (Comp., ¶ 13) In his email, Plaintiff asked Lieutenant Karrick if it would be prudent to remind faculty, staff and students of EMU's policy regarding guns on campus. (Comp., ¶ 54)

Plaintiff met with Vice President Dave Turner on that same date, March 13, 2014, who instructed Plaintiff to communicate within the chain of command regarding

2

this issue. (Comp., ¶ 56) Plaintiff then forwarded the email to his supervisor, Mr. Randall Ward, and two other co-workers at DRC. (Comp., ¶ 58) Mr. Ward indicated that the DRC would not be sending out a reminder. (Comp., ¶ 59) Later that afternoon, Plaintiff was placed on administrative leave and escorted from campus. (Comp., ¶ 61)

Plaintiff asserts that but for forwarding the AHEAD email, he would not have been placed on administrative leave. (Comp., ¶ 61) In the March 17, 2014 letter placing Plaintiff on administrative leave, Defendant Trakul wrote, "In addition, you most recently contacted the Department of Public Safety and your supervisor and asked them whether we would consider reminding all faculty and staff about our campus weapons policy and included articles about the number of persons killed by gun violence on college campuses. This focus on violence is concerning." (Comp., ¶ 62) Plaintiff claims that forwarding the AHEAD email does not indicate in any way that he is unfit for duty or that EMU has any reasonable suspicion to require Plaintiff to undergo a psychiatric evaluation. (Comp., ¶ 68)

This matter is before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction filed April 4, 2014. Defendants filed a response.

## II.   ANALYSIS

### A.     Standard

Plaintiff seeks to enjoin Defendants from requiring Plaintiff to undergo a mandated psychiatric examination currently scheduled for Monday, April 7, 2014 at 1:00 p.m. Plaintiff filed the instant Motion for Temporary Restraining Order citing Fed. R. Civ. P. 65. Rule 65(b) of the Federal Rules of Civil Procedure provides the Court with authority to issue a temporary restraining order as follows:

> **Rule 65(b)  Temporary Restraining Order.**
>
> **(1)**  *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A)   specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
> >
> > (B)   the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts

to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen,* 486 F.3d 896, 904-05 (6th Cir. 2007).

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512. The purpose of a TRO under Rule 65 is to preserve the *status quo* so that a reasoned resolution of a dispute may be had. *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 226 (6th Cir. 1996). A TRO is necessary in certain circumstances but, under federal law, it should be restricted to serving its underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as necessary to hold a hearing. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 7 of Alameda County,* 415 U.S. 423, 439 (1974). "The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the

adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *First Technology Safety Systems, Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 1993). Although titled an "ex parte" motion, lack of notice to the Defendants is not at issue since defense counsel filed an appearance and a response to the motion.

Reviewing Plaintiff's Complaint[1], the Court finds that Plaintiff would be irreparably harmed if he were to undergo the scheduled April 7, 2014 psychiatric examination. Plaintiff's allegations in his Complaint fail to support a mandated psychiatric examination, although the Court acknowledges the Complaint only reflects Plaintiff's side of the claims. Plaintiff asserts in the motion that he is not currently present in the workplace since he was placed on administrative leave. Plaintiff asserts that the only reason he was placed on leave is that he forwarded the AHEAD email to EMU's police department and to his supervisor. Plaintiff claims he forwarded the AHEAD memo to inquire whether reminders should be sent out to staff, faculty and students regarding EMU's policy not to have guns on campus.

Defendants respond that the reasons for the administrative leave and fitness

---

[1] Plaintiff submits a "verification" of the allegations in his Complaint. Only a verified complaint signed under penalty of perjury pursuant to 28 U.S.C. § 1746 carries the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop,* 530 F.3d 407, 414 (6th Cir. 2008). Plaintiff's "verification" of his Complaint is signed by Plaintiff, but is not signed "under penalty of perjury" as required by 28 U.S.C. § 1746 and the Sixth Circuit case, *El Bey*.

duty examination are set forth in the March 17, 2014 letter to Plaintiff placing him on administrative leave. The letter indicates that a series of actions by Plaintiff, including Plaintiff's continued expressions of fear for his safety as it relates to his supervisor and Plaintiff's claims that his supervisor was improperly removing items from his office, were the basis of the administrative leave. The letter indicates that Plaintiff's "fears" are not grounded in fact. The letter also indicates that the email forwarded to the Department of Public Safety and Plaintiff's supervisor contained articles about gun violence and that this focus on violence concerned Defendant Trakul. Defendants assert that Plaintiff will not be irreparably harmed if he undergoes the examination since monetary remedies are available.

Based on Plaintiff's allegations, Plaintiff has shown he will suffer irreparable injury until the matter is resolved. Forwarding the AHEAD memo does not appear to be a basis for a psychiatric evaluation or Plaintiff's fear (unfounded as noted by Defendants) of his supervisor. Subjecting Plaintiff to a psychiatric examination at this time, without more evidence from all parties to the necessity of such, would result in Plaintiff being irreparably harmed.

As to whether Plaintiff will prevail on the merits, Plaintiff has alleged a Fourth Amendment claim in Count I. When Fourth Amendment rights are at stake, such as unreasonable searches and seizures, "the loss of constitutional rights, for even minimal

periods of time, unquestionably constitutes irreparable injury." *Ramirez v. Webb,* 1986 WL 16752 at *2 (6th Cir. Mar. 3, 1986)(unpublished). The Court issues a temporary restraining order in order to maintain a *status quo* at this time until Plaintiff's Motion for Preliminary Injunction can be heard.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order **(Doc. No. 3, filed April 4, 2014)** is GRANTED.

IT IS ORDERED that Defendants are enjoined from moving forward with the scheduled April 7, 2014 duty for fitness examination of Plaintiff until the hearing set for the Motion for Preliminary Injunction.

IT IS FURTHER ORDERED that, although Plaintiff has not addressed the security requirement set forth in Fed. R. Civ. P. 65(c), the Court will not require a security since the matter involves a constitutional issue affecting the public.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction is set for a hearing on **Tuesday, April 15, 2014, 10:00 a.m.** Any reply to Defendant's response must be filed by **April 10, 2014.**

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: April 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 4, 2014, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager